```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

United States of America      :
                              :
        v.                    :       File No. 2:01-CR-17
                              :
Larry Rivers                  :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 30 and 46)

Defendant Larry Rivers, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Rivers was sentenced in 2006 to a mandatory minimum of fifteen years as an armed career criminal. He now claims that his attorney at sentencing was ineffective, and that he should not have been sentenced under the Armed Career Criminal Act ("ACCA"). For the reasons set forth below, I recommend that the motion be DENIED.

<u>Factual Background</u>

On November 20, 2006, Rivers was convicted of being a felon in possession of a firearm. The offense arose out of an incident on October 31, 2000, when Rivers was questioned by Vermont Fish and Wildlife Department game wardens about possible illegal taking of deer. Rivers subsequently fled from the wardens, and was seen in possession of a rifle and a handgun. The guns were later recovered, and Rivers was

indicted on three gun-related charges.

Rivers remained a fugitive until his arrest in February 2006. He ultimately signed a Plea Agreement in which he pled guilty to having been a felon in possession of a firearm. At sentencing, the Court applied an ACCA enhancement and sentenced Rivers to 15 years in prison. One of the predicate offenses used for sentencing under the ACCA was a 1975 state conviction for escape from a correctional facility.

## Procedural History

Rivers timely filed his § 2255 motion on November 19, 2007. He asserts several claims of ineffective assistance of counsel, as well as a substantive claim that his escape conviction was not a valid predicate offense under the ACCA.

On June 6, 2008, Rivers moved to amend his motion to bring a claim under Begay v. United States, 128 S. Ct. 1581 (2008). In Begay, the Supreme Court held that recidivist drunk driving does not qualify as a violent felony under the ACCA. Rivers argues that, under the reasoning in Begay, his escape conviction was not a violent felony and therefore should not have been used as a predicate crime under the ACCA.

On June 23, 2008, Rivers moved to hold his § 2255 motion in abeyance while the state court considered a post-conviction petition challenging the validity of his escape conviction. This Court granted the motion, and required an update no later than December 2, 2008. In his timely update, Rivers noted that although still not resolved, the state court proceeding might be rendered moot by an upcoming decision by the United States Supreme Court.

The decision in question was <u>Chambers v. United States</u>, 129 S. Ct. 687 (2009), wherein the Supreme Court considered the question of whether a failure to report for penal confinement was a violent felony under the ACCA. Shortly after the <u>Chambers</u> opinion was published, Rivers filed an "emergency motion to proceed and expedite the § 2255 proceedings," arguing that <u>Chambers</u> entitled him to re-sentencing. Both parties have now submitted revised briefs in light of the <u>Chambers</u> decision.

## <u>Discussion</u>

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence. 28 U.S.C. § 2255 (2007). Relief under Section 2255 is

available "only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). As Rivers is proceeding *pro se*, the Court must construe his submissions to raise the strongest arguments they suggest. See Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).

I.  Ineffective Assistance of Counsel

Rivers first argues that his attorney was ineffective in several respects during the sentencing phase of the case. The specific claims include allegations that counsel (1) failed to argue that Rivers' escape conviction did not qualify as a violent felony under the ACCA; (2) failed to properly investigate Rivers' criminal history and advise him that he could stay sentencing while pursuing state court post-conviction relief; (3) failed to argue that a particular Supreme Court case will be overturned in the future; and (4) incorrectly advised him not to file a direct appeal.

To prevail on an ineffective assistance of counsel

claim, Rivers must show that counsel's representation "fell below an objective standard of reasonableness" based on "prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  The Strickland standard is "highly deferential."  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

    A.  Failure To Object To Use Of Escape Conviction

    Rivers contends that his attorney should have raised the "specific and meritorious" objection that his state escape conviction was not a violent felony under the ACCA. (Paper 30-2 at 6).  The ACCA, 18 U.S.C. § 924(e), provides that anyone convicted of being a felon in possession under 18 U.S.C. § 922 and who "has three previous convictions . . . for a violent felony" shall be sentenced to "not less than 15 years" in prison.  Rivers characterizes his escape as having been a "walkaway," rather than some form of violent

5

breakout, and that the offense should therefore be considered non-violent.

Specifically, Rivers alleges that his 1975 escape took place while he was living in the "community custody unit" of a correctional facility in Burlington, Vermont. "The participants were free to come and go at will by means of an unlocked front door, and were isolated from the other inmates. The basis of the escape charge was that the petitioner allegedly walked out the front door and did not return for 13 days." (Paper 30-2 at 13).

At the time of Rivers' federal conviction, the controlling case in the Second Circuit on the matter of walkaway escapes was United States v. Jackson, 301 F.3d 59 (2d Cir. 2002). The Jackson court had held that a walkaway escape, although at first peaceful, nonetheless invites a confrontation and is therefore a violent offense. 301 F.3d at 63.

> An inmate who escapes by peacefully walking away from a work site will (if he can) be inconspicuous and discreet, and will (if he can) avoid confrontation and force. But escape invites pursuit; and the pursuit, confrontation, and recapture of the escapee entail serious risks of physical injury to law enforcement officers and the public. This makes escape a violent felony under [the ACCA].

Id. (parentheticals in original).

Rivers contends that counsel should have presented arguments under United States v. Piccolo, 441 F.3d 1084 (9th Cir. 2006) and United States v. Shepard, 544 U.S. 13 (2005). The Piccolo decision represented a disagreement among the Circuit courts, but was not authority upon which this Court could rely in light of Jackson. In Shepard, a Supreme Court plurality held that when a prior conviction is obtained by means of a guilty plea, and the sentencing court is trying to ascertain whether that conviction qualifies as a predicate crime under the ACCA, the "enquiry . . . is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26.

Rivers has failed to show that counsel was ineffective for failing to make an ACCA argument under Shepard. First, Shepard did not overrule Jackson when it broadened the scope of information available to a sentencing court. Second, Rivers has failed to show that consideration of such documents from his 1975 escape conviction would have

7

revealed useful information. Third, even if additional information had been obtained, and for reasons discussed more fully below, there is no merit to Rivers' claim that use of his escape conviction as a predicate crime was invalid. I therefore recommend that the Court reject Rivers' contention that counsel was ineffective for failure to object to the use of the 1975 conviction as a predicate offense.

 B. Failure To Investigate Criminal History

 Rivers next claims that counsel did not adequately investigate his escape conviction. According to Rivers, if counsel had conducted a proper investigation he would have been able to argue that the 1975 plea was not "knowing, voluntary and intelligent." (Paper 30-2 at 16). Rivers also argues that the information underlying the conviction showed that his escape was not reported for three days, and that his offense was therefore inconsistent with the crime of escape.

 This argument lacks legal merit. It is well established that a defendant may only attack "his prior conviction as part of his sentencing proceedings . . . if the prior conviction is constitutionally infirm under the

standards of Gideon v. Wainwright, 372 U.S. 335 (1963)." United States v. Sharpley, 399 F.3d 123, 126 (2d Cir. 2005) (citing Untied States v. Custis, 511 U.S. 485, 491-92 (1994)). While Gideon requires that the State provide counsel for indigent defendants, 372 U.S. at 344, Rivers does not claim that he was without counsel in the state proceeding.[1] Consequently, even if his attorney had conducted a different level of investigation, he could not have made the arguments suggested by Rivers at sentencing.

C. Failure To Stay Sentencing

Rivers further criticizes counsel for failing to advise him that sentencing could be stayed while he challenged his escape conviction in state court. He offers no legal support for his belief that such a stay was available, or that the Court would have been obligated to impose a stay. Because Rivers cannot show that a stay would have been imposed, or that he suffered any prejudice from the lack of a stay, the Court should find that counsel was not ineffective on this point.

D. Failure To Challenge Almendarez-Torres

Rivers' next claim is that counsel should have argued

---

[1] A copy of Rivers' 1975 plea agreement shows that he was, in fact, represented. (Paper 30-4 at 2).

that any facts increasing his sentence beyond the statutory maximum needed to be found by a jury beyond a reasonable doubt. Because Rivers' sentence was enhanced by a prior conviction, this argument would have been in direct conflict with the Supreme Court's holding in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (2001). Rivers acknowledges that <u>Almendarez-Torres</u> was the governing case at the time, but claims that counsel should nonetheless have raised the argument because it is "reasonably foreseeable" that <u>Almendarez-Torres</u> will be overturned. (Paper 30-2 at 17).

The law does not require an attorney to present arguments that are contrary to existing case law. Even assuming that Rivers is correct and that <u>Almendarez-Torres</u> will someday be overturned, "[t]he Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before a court." <u>Lilly v. Gilmore</u>, 988 F.2d 783, 786 (7th Cir.), <u>cert. denied</u>, 510 U.S. 852 (1993). The Court should therefore reject this claim as well.

E. Failure To File Direct Appeal

Rivers' final ineffective assistance argument is that his attorney "erroneously advised him that no issues for

10

Appeal existed." (Paper 30-2 at 20). Specifically, he alleges that "[c]ounsel took advantage of the petitioner's broken mental state, directly after receiving a 15-year sentence, to convince him that there was [sic] not any grounds for Appeal." Id. The government contends that, according to a contemporaneous memo written by defense counsel, Rivers met with his attorney after sentencing and stated "unequivocally that he did not wish to file an appeal." (Paper 48 at 9).

Under both accounts, it is clear that Rivers did not request an appeal. Consequently, Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) is not directly applicable and prejudice will not be presumed. The issues that Rivers claims should have been raised on appeal are "all of the issues presented in this petition." (Paper 30-2 at 20). Because I am recommending that the Court deny the petition, I find that counsel was not ineffective when he failed to raise Rivers' current arguments on appeal.[2]

## II. Escape As A Violent Felony Under The ACCA

Rivers' substantive claim is that his 1975 escape conviction does not qualify as a violent felony under the

---

[2] Under this same reasoning, I recommend that the Court reject Rivers' claim of cumulative error.

ACCA. As discussed above, he claims that two recent Supreme Court cases, Begay and Chambers, dictate a ruling in his favor. In Begay, the Supreme Court focused on specific examples of violent felonies provided in the text of the ACCA. The statute defines violent felony, in part, as a felony that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Begay Court held that driving under the influence of alcohol as defined by New Mexico law was not a violent felony under the catch-all "otherwise" provision. Writing for a 6-3 majority, Justice Breyer reasoned that the "otherwise" clause "covers [only] crimes that are roughly similar, in kind as well as degree of risk posed, to the examples themselves." Begay, 128 S. Ct. at 1585.

The Chambers decision, rendered after Begay, is closer to the facts of this case. In Chambers, the Supreme Court addressed the question of whether a failure to report for weekend confinement was a violent felony under the ACCA. The Court first considered the classification of the crime. Chambers, 129 S. Ct. at 690. In doing so, it reiterated the

categorical approach adopted in Taylor v. United States, 495 U.S. 575, 602 (1990), meaning that courts should look at the statutory definition of the crime, rather than the crime actually committed, to determine whether it qualifies as a violent felony. 129 S. Ct. at 690-91.

Chambers involved an Illinois statute that specified various forms of both escapes and failures to report. While abiding by the categorical approach, the Supreme Court identified the general crime of escape as a "separate crime" from failure to report. "The behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." Id. at 691 (citing Begay, 128 S. Ct. at 1586). The Court next determined, using much the same reasoning, that failure to report was not a violent felony under the ACCA, as it "amounts to a form of inaction" wherein the offender is "unlikely, not likely, to call attention to his whereabouts by simultaneously engaging in additional violent and unlawful conduct." Id. at 692.

In this case, Rivers was convicted of escape under 13 V.S.A. § 1501(a)(1), which provides: "(a) A person who,

while in lawful custody; (1) escapes or attempts to escape from any correctional facility or a local lockup shall be imprisoned for not more than ten years or fined not more than $5,000, or both." Like the Illinois statute in <u>Chambers</u>, § 1501 separates escapes from failures to report, making special provisions in § 1501(b) for failure to return from work release, failure to return from furlough, and escape or attempt to escape while on release to do work "in the service of such [correctional] facility." 13 V.S.A. § 1501(b)(1), (2) and (3).

As the Supreme Court did in <u>Chambers</u>, this Court should construe the Vermont statute as encompassing two separate crimes: escape and failure to return. 13 V.S.A. § 1501. Unlike Mr. Chambers, Rivers was convicted of escape. Applying the categorical approach to § 1501(a)(1), the statute clearly governs the general crime of escape. The law in this Circuit is that escapes are violent felonies. <u>See</u> <u>Jackson</u>, 301 F.3d at 63. Accordingly, Rivers' escape conviction was properly used as a predicate crime under the ACCA.

Rivers urges the Court to consider the underlying facts of his escape, and specifically the fact that he left a

correctional facility through an unlocked door. Under the categorical approach, however, "one avoids the practical difficulty of trying to ascertain at sentencing . . . whether the present defendant's prior crime, as committed on a particular occasion, did or did not involve violent behavior." Chambers, 129 S. Ct. at 690 (citing Shepard, 544 U.S. at 1254). Rivers also argues that, under Begay, the Court must determine that his crime was similar in kind to the examples set forth in the ACCA. The Second Circuit's description of a walkaway escape as entailing "serious risks of physical injury to law enforcement officers and the public" resolves this question in the government's favor. Jackson, 301 F.3d at 63. Moreover, in Chambers, the Supreme Court characterized the general crime of escape as likely to involve "less passive, more aggressive behavior" as compared to a failure to return. Accordingly, the Court should find that Rivers' 1975 escape conviction still qualifies as a violent felony under the ACCA, and that he is not entitled to § 2255 relief.

As a final note, a "modified categorical approach," under which the Court would examine the charging documents and jury instructions to determine whether the conviction

was a violent felony, is not required here.  See United States v. Lynch, 518 F.3d 164, 168-69 (2d Cir. 2008) (citing Taylor, 518 U.S. at 602).  The modified categorical approach is reserved for a "narrow range of cases" wherein "the statute of conviction covers both conduct that would and conduct that would not constitute a violent felony." Taylor, 518 U.S. at 602.  This is not such a case.  The statute under which Rivers was convicted governs escapes from correctional facilities.  The statute separates out lesser offenses, such as the failure to report, and does not require further parsing.[3]  Compare United States v. Avalos, 2009 WL 541336, at *2 (10th Cir. March 5, 2009) (remanding case under Chambers in light of fact that New Mexico escape statute could be interpreted as "encompassing failure-to-report scenarios").

## Conclusion

For the reasons set forth above, I recommend that Rivers' motion to vacate, set aside, or correct his sentence (Paper 30), submitted pursuant to 28 U.S.C. § 2255, be DENIED.  Rivers' emergency motion to proceed (Paper 46) is

---

[3] Even if the Court were to consider such documents, the documents pertaining to Rivers' conviction only reinforce the fact that he was convicted of escape after being declared missing from a correctional center.  (Papers 30-3 and 30-4).

16

DENIED as moot.

Dated at Burlington, in the District of Vermont, this 8th day of April, 2009.

                              <u>/s/ Jerome J. Niedermeier</u>
                              Jerome J. Niedermeier
                              United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).