```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA      ]
                              ]
       v.                     ]         Docket No. 2:01-cr-17
                              ]
LARRY RIVERS                  ]
```

                                ORDER

   Defendant Larry Rivers filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence.  Rivers was sentenced to serve a mandatory minimum term of 15 years in 2006 pursuant to the Armed Career Criminal Act ("ACCA").  He claims his attorney was constitutionally ineffective at his sentencing hearing, and that he should not have been sentenced under the ACCA.

   The Report and Recommendation of the United States Magistrate Judge was filed April 8, 2009. Defendant's objections were filed April 22, 2009.  The government responded to defendant's objections on April 29, 2009.  On April 21, 2010, defendant filed a reply to the government's response.

   After careful review of the file and the Magistrate Judge's Report and Recommendation, this Court ADOPTS the Magistrate Judge's recommendations in full for the reasons stated in the Report.

    A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made.  Fed. R. Civ. P. 72(b); 28 U.S.C.

§ 636(b) (1); *Perez-Rubio v. Wyckoff*, 718 F.Supp. 217, 227 (S.D.N.Y. 1989). The district judge may "accept, reject, or modify, in whole or in part, the magistrate's proposed findings and recommendations." *Id.*

The motion to vacate , set aside, or correct a sentence (Paper 30)filed pursuant to 28 U.S.C. § 2255 is **DENIED** and the emergency motion to proceed (Paper 46) is **DENIED** as moot.

Only one subject needs further comment. Rivers alleges his 1975 escape conviction was not a violent felony under the ACCA. He relies upon two recent Supreme Court decisions, *United States v. Begay,* 128 S. Ct. 1581 (2008) and *Chambers v. United States*, 129 S. Ct. 687 (2009) to assert that this escape conviction did not satisfy the court's most recent definition of crime of violence

The Supreme Court in *Chambers* reiterated the court's obligation to apply a categorical approach to determining whether an offense is a violent felony. The courts look to the statutory definition of the crime to assess whether it is a violent crime. In *Chambers*, the Court addressed an Illinois statute which differentiated escape convicts between escapes from institution and failures to report. The Court found failures to report, or walkaways, not to be violent offenses. Nothing in the *Chambers*' opinion suggested an escape from an institution conviction is not a violent offense.

Vermont defines two separate offenses addressing escapes or walkaways from custody.  Section 1501(a)(1) of Title 13 provides: "(a) A person who, while in lawful custody: (1) escapes or attempts to escape from any correctional facility or a local lockup shall be imprisoned for not more than ten years or fined not more than $5,000, or both."  Section 1501(b) provides a reduced penalty for failure to return from work release, furlough or while on release to do work "in the service of" a correctional facility.  The latter section relates to offenses which are commonly considered to be walkaways.

In 1975, Rivers was convicted of a Section 1501(a) violation.  The elements of that offense require proof of escape from a correctional facility or local lockup.  This was not a walkaway crime.  Escapes of this sort are considered violent offenses in light of the substantial risk to employees of the facilities during the commission of the offense and to law enforcement officials engaged in the arrest of defendants.

The Court specifically adopts the findings of the Magistrate Judge that Rivers' 1975 escape conviction was a crime of violence, thereby justifying the Court's application of the ACCA.

Pursuant to Fed. R. App. P. 22(b), a certificate of appealability is **DENIED** because the petitioner has failed to make a substantial showing of denial of a federal right.  Furthermore, the petitioner's grounds for relief do not present issues which

are debatable among jurists of reasons, which could have been resolved differently, or which deserve further proceedings.  See e.g., Flieger v. Delo, 16 F.3rd 878, 882-83 (8th Cir.) cert. denied, 513 U.S. 946 (1994); Sawyer v. Collins, 986 F.2d 1493, 1497 (5th cir.), cert. denied, 508 U.S. 933 (1993).

Furthermore, it is certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

THIS CASE IS CLOSED.

Dated at Burlington, in the District of Vermont, this 26th day of October, 2011.

/s/ William K. Sessions III<br>
William K. Sessions III<br>
Chief Judge<br>
U.S. District Court

4